# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HOLLY SESOCK, ET AL., | Case No. 2:20-cv-01466-APG-DJA |
| Plaintiffs, | |
| v. | **ORDER** |
| D1 KENNELS, ET AL., | |
| Defendants. | |

This matter is before the Court on Third Party Defendant J.G.'s Demand for Cost Bond (ECF No. 22), filed on January 1, 2021. Third Party Defendant seeks an order from the Court for Third Party Plaintiff Raven Dudley to post a cost bond pursuant to NRS 18.130(1) as Dudley is a resident of Texas.

Under N.R.S. 18.130(1), "When a plaintiff in an action resides out of the State, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant." The Ninth Circuit has stated the following with respect to a demand for security for costs in federal court:

> There is no specific provision in the Federal Rules of Civil Procedure relating to security for costs. However, the federal district courts have inherent power to require plaintiffs to post security for costs. Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved.

*Simulnet E. Assoc. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (citation and internal quotations omitted). While the Nevada District Court has not adopted a specific court rule with respect to security for costs, it has adopted N.R.S. 18.130 as the appropriate procedure through case law in diversity jurisdiction cases. "It has been the policy of the United States District Court

for the District of Nevada to enforce the requirements of N.R.S. 18.130 in diversity actions." *Hamar v. Hyatt Corp.*, 98 F.R.D. 305 (D. Nev. 1983).

However, as this District Court has previously found, "[w]hen suit is brought under a federal statute, state provisions requiring security for costs or expenses clearly are inapplicable." *Wells Fargo Bank, N.A. v. SFR Investments Pool 1, LLC*, 257 F. Supp. 3d 1110, 1111 (D. Nev. 2017) (citing 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2671 (3d ed.)).  "Instead, the court may apply its own rules or state practice to require security for costs as a discretionary matter, taking into account the policy of the underlying federal statute, the defendant's ability to recover costs from an out-of-state plaintiff if the defendant prevails, the plaintiff's solvency, and any other pertinent factors." *Id.*

Here, the Complaint was filed on August 6, 2020 on the basis of diversity jurisdiction and the six claims at issue involve Nevada law.  The Court will therefore grant the Motion.

IT IS THEREFORE ORDERED that Third Part Defendant J.G.'s Demand for Cost Bond (ECF No. 22) is **granted**.

DATED: January 8, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE