**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Holly Sesock, et al., | Case No. 2:20-cv-01466-APG-DJA |
| Plaintiffs, | |
| v. | **Report and Recommendation** |
| D1 Kennels, et al., | |
| Defendants. | |

Defendants Raven Dudley and Chris Dudley ("the "Dudley Defendants") have failed to comply with three Court orders. First, after the Court granted the Dudley Defendants' former counsel's motion to withdraw, it ordered the Dudley Defendants to inform the Court whether they would retain new counsel or proceed *pro se*. (ECF No. 43). The Court warned the Dudley Defendants that "[f]ailure to notify the Court as to their new representation may subject them to dispositive sanctions…" (*Id.*). The Dudley Defendants failed to comply and missed the May 24, 2021 deadline set by that order. (*Id.*).

Second, the Court *sua sponte* gave the Dudley Defendants another chance. (ECF No. 44). The Court ordered the Dudley Defendants to advise the Court whether they would retain new counsel or proceed *pro se* and again warned them that "[f]ailure to comply with this order will result in the issuance of an order to show cause." (*Id.*). The Dudley Defendants again failed to comply and missed the August 16, 2021 deadline set by that order. (*Id.*).

Third, the Court gave the Dudley Defendants a final chance through its order to show cause. (ECF No. 48). In it, the Court explained that failure to comply could result in a "recommendation for striking the Dudley Defendant's answer and entering default against them." (*Id.*). The Dudley Defendants failed to comply a third time and missed the December 2, 2021 deadline set by that order. (*Id.*).

The Dudley Defendants have taken no action in this case since their attorney moved to withdraw on April 5, 2021. (ECF No. 39). They have failed to comply with three court orders since then, each of which warned them of the potential consequences. The Court thus recommends striking the Dudley Defendants answer and entering default against them.

**I.      Discussion.**

Under Rule 37(b)(2)(A), a court may impose sanctions if a party fails to comply with an order. Fed. R. Civ. P. 37(b)(2)(A). "If a party…fails to obey an order…the court where the action is pending may issue further just orders. They may include…rendering default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A). In deciding whether to impose the "harsh penalty" of case-dispositive sanctions, courts in the Ninth Circuit apply a five-factor test. *Wanderer v. Johnston*, 910 F.2d 652, 655-56 (9th Cir. 1990). The court must evaluate: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See id.*

The Court cannot fashion any less drastic sanction than the recommendation that the Dudley Defendants' amended answer be stricken. (ECF No. 24). The Court cannot manage its docket if one of the parties completely disregards Court orders. Plaintiffs Holly Sesock and Flavio Gutierrez would also be prejudiced by attempting to litigate against defendants who refuse to engage in the litigation process or follow Court orders. While the Court would prefer the claims in this action be resolved on the merits, the Dudley Defendants refusal to cooperate with that goal leaves the Court no alternative. The Court has given the Dudley Defendants two additional chances to comply with its order first requiring them to inform the Court whether they would proceed *pro se* or hire counsel. The Dudley Defendants have not only missed these chances but violated Court orders in doing so. Applying the five-factor test, the Court finds the harsh penalty of striking the Dudley Defendants' amended answer to be the only reasonable alternative and one which furthers the public's interest in expeditious resolution of litigation.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the District Judge enter an order striking the Dudley Defendants' first amended answer, counterclaims, and third-party complaint (ECF No. 24).

**IT IS FURTHER RECOMMENDED** that, if the Dudley Defendants' answer is stricken that a default under Federal Rule of Civil Procedure 55(a) be entered against the Dudley Defendants regarding the complaint. (ECF No. 1).

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: January 11, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE