UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOLLY SESOCK, an individual; and FLAVIO GUTIERREZ, an individual,<br><br>Plaintiffs<br><br>v.<br><br>RAVEN DUDLEY, an individual; CHRIS DUDLEY, an individual; D1 KENNELS, an unregistered Partnership; MIGUEL CARLOS BARUSO, SR, aka ANTWAIN MCNEIL, an individual; and DOES I through X,<br><br>Defendants | Case No.: 2:20-cv-01466-APG-DJA<br><br>**Order Granting in Part Motion for Default Judgment**<br><br>[ECF No. 52] |

Plaintiffs Holly Sesock and Flavio Gutierrez move for default judgment against defendants Raven Dudley and Chris Dudley.

Default was entered against the Dudleys on February 1, 2022. ECF No. 51. The plaintiffs' motion addresses the factors listed in *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Those factors convince me that it is appropriate to enter default judgment against the Dudleys on the plaintiffs' breach of contract claim. However, the plaintiffs are not entitled to judgment on their claim of breach of the implied covenant of good faith. The Dudleys breached the terms of the contract itself (not an implied covenant). And the plaintiffs have not shown any separate damages arising from an alleged breach of an implied covenant. Likewise, the plaintiffs are not entitled to judgment on their claim under the Nevada Deceptive Trade Practices Act (NDTPA). They offer no facts to support that claim. This is a straightforward breach-of-contract lawsuit, and I will enter default judgment on that claim in the amount of $233,800.

The plaintiffs also request an award of their attorney's fees incurred in connection with this case, based upon the defendants' breach of the NDTPA. Because I have denied judgment on that claim, there is no basis for an award of attorney's fees. I deny that portion of the motion.

I THEREFORE ORDER that the plaintiffs' motion for default judgment against defendants Raven Dudley and Chris Dudley **(ECF No. 52) is granted in part.** Plaintiffs Holly Sesock and Flavio Gutierrez are entitled to a default judgment against defendants Raven Dudley and Chris Dudley on their breach of contract claim in the amount of $233,800. However, final judgment will not be entered at this time because the plaintiffs' other claims against the Dudleys remain. *See* Fed. R. Civ. P. 54(b). I order that, by **March 25, 2022**, the plaintiffs must file a notice of voluntary dismissal of those remaining claims, a proposed pretrial order, or a proposed alternate plan for resolution of the remaining claims.

DATED this 22nd day of February, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE